No. 2456

Second Circuit

---

## FERGUSON v. CADY-McFARLAND GRAVEL COMPANY

---

(April 24, 1926. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 153, 154.**
The Workmen's Compensation Law of Louisiana furnishes to an employee protection against all risks to which he may be exposed by his employment.

2. **Louisiana Digest—Master and Servant Par. 154, 158.**
A narrow construction should not be placed on the terms of the statute requiring that the accident should arise out of the employment. Dyer vs. Rapides Lumber Co., 154 La. 1091, 98 South. 677.

3. **Louisiana Digest—Master and Servant —Par. 158.**
An employee who is killed without provocation by an engineer in charge of a railroad locomotive at a time and while the employee is actually engaged in repairing a rail cock-joint over which the engineer is to drive his locomotive, is within the protection of the Workmen's Compensation Law.

4. **Louisiana Digest—Master and Servant Par. 154.**
The Employers' Liability Act should not be construed strictly in favor of the

employer but rather liberally in favor of the employee and his dependent relatives. Jones vs. Powell Lumber Co., 156 La. 768, 101 South. 135.

Appeal from Thirteenth Judicial District Court of Louisiana, Parish of Rapides. Hon. L. L. Hooe, Judge.

Action by Alice Ferguson against Cady-McFarland Gravel Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

George J. Ginsberg, of Alexandria, attorney for plaintiff, appellee.

John H. Overton, of Alexandria, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. In this case Alice Ferguson sues for herself and her three minor children under the Workmen's Compensation Law to recover compensation for the death of Peter Ferguson, husband of Alice Ferguson, and father of the minors.

Peter Ferguson was employed by Cady-McFarland Gravel Company and while standing in a stooping position and engaged in repairing defendant's railroad track he was struck on the head with a piece of iron and killed by one J. H. Teddor, a locomotive engineer, also employed by defendant and engaged in operating a locomotive used in hauling gravel from defendant's gravel pit.

Defendant denied liability on the ground that the homicide, as shown by the allegations of plaintiff's petition, was not an accident arising out of Ferguson's employment.

This question was presented by way of an exception of no right or cause of action to plaintiff's petition.

The District Judge sustained the exception and the plaintiff appealed.

This court certified the question to the Supreme Court for instructions, and the Supreme Court answered that the petition did set forth a cause of action. Thereupon this court reversed the judgment of the lower court and remanded the case for trial. A trial on the merits was had in the District Court and judgment was rendered in favor of the plaintiff. From that judgment defendant has appealed.

## OPINION

The questions presented for determination in this case have been, we think, decided by the Supreme Court in favor of the plaintiff in passing of defendant's exception of no right or cause of action.

That court decided that plaintiff's petition did express a cause of action, and the evidence in the case we think establishes the verity of all the allegations of the petition, except, perhaps, the allegation that Ferguson, the deceased, and Teddor, who slew him, were fellow employees. But the fact, if it be a fact, that they were not fellow employees, is not, we think, of any importance. They both were working for the defendant and their work threw them together, Ferguson in repairing the track over which Teddor operated his locomotive.

Besides this, the Workmen's Compensation Law makes the employer liable for an injury to an employee through the tort of a third person; and much more so is the employer liable when the injury occurs through the tort of a superior upon a subordinate employee.

Defendant's counsel insists with great force that the evidence of Teddor who killed Ferguson, and his foreman, Rudolph Adams, shows that the homicide was the

result of an altercation between Teddor and Ferguson in which Ferguson was the aggressor. We are much impressed with counsel's contention, but are not unmindful of the fact that Plato is said to have been able to make the "worse appear the better reason".

Under all the evidence found in the record we are convinced that Ferguson was killed by Teddor while he was at work in a stooping position without knowing that he was being attacked by Teddor.

For the above reasons the judgment of the lower court is affirmed.