### No. 3058

### Second Circuit

---

### LeBLANC v. THE OHIO OIL COMPANY

---

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(April 9, 1928. Certiorari Denied by Supreme Court.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 158.**

Where employee was injured on a highway by being hit by an automobile while he was in front of employer's property on his way to work, the accident being directly attributable to the risk due to his employment, the highway being the only practical way of immediate in- gress and egress to and from the prem- ises, he was injured in the course of his employment within the meaning of the Workman's Compensation Act No. 20 of 1914.

2. **Louisiana Digest—Master and Servant —Par. 159.**

Where the evidence does not indicate that the injury resulted or will result in employee's limb being an impediment to his ability to work, the sole cause of his disability being due to the limb, period of compensation will be allowed not longer than for loss of limb or 200 weeks, under Workmen's Com- pensation Act No. 20 of 1914.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by T. L. LeBlanc against the Ohio Oil Co. There was judgment for de- fendant and plaintiff appealed.

Judgment reversed.

Fern M. Wood, A. D. Flowers, of Lees- ville, attorneys for plaintiff, appellant.

R. L. Benoit, of Shreveport, attorney for defendant, appellee.

WEBB, J. The plaintiff, T. L. LeBlanc, an employee of the defendant, The Ohio Oil Company, brought this action to re- cover compensation under the Employers' Liability Statute for injuries alleged to have been sustained in an accident arising in the course and out of his employment, resulting in permanently disabling him to do work of a reasonable character.

The defendant denied liability, urging that the accident had not arisen in the

course or out of the employment, or, if liable, that plaintiff had not been permanently totally disabled, and plaintiff appeals from a judgment rejecting his demands.

The evidence establishes that plaintiff was employed as a general workman on an oil lease operated by defendant at a daily wage of four and 50-100 dollars, and that plaintiff began work by reporting at 7 o'clock a. m. at a toolhouse situated on the leased premises.

The lease covered eighty acres, a part of which had been developed, which part was bisected by the public highway; on one side of which there were oil wells and on the other a treating plant and tool house, and in the course of plaintiff's work it was necessary for him to pass over the highway in going from one part of the premises to the other.

The plaintiff resided at a boarding-house with which defendant was not connected, situated on or near the highway about a mile from the lease, and plaintiff had been accustomed to using the highway in going to and from his work, sometimes walking and at other times riding, in vehicles belonging to third persons, and on the day of the accident plaintiff left his boarding-house at about half past six o'clock in the morning and had been allowed to ride in an automobile owned and driven by a third person to the lease, arriving there sometime between half past six and seven o'clock, that the automobile was stopped at a point on the highway opposite the tool house, where plaintiff alighted, and while passing over the roadway from the place where he alighted from the automobile towards the tool house, he was struck by an automobile which was being driven along the highway by some one who was not connected with defendant.

While plaintiff recognizes the general rule that an injury to an employee on the public highway in going to or returning from the place of his employment does not arise in the course or out of the employment, he urges that the facts bring this case within equally as well recognized exceptions to the general rule, citing Cudahy Packing Co. vs. Parramore, 263 U. S. 418, 68 Law Ed. 366; Jones vs. Louisiana Central Lumber Co., 2 La. App. 260, and Prevost vs. Gheens, 151 La. 508, 92 South. 38.

The cases cited, with the exception of Cudahy Packing Co. vs. Parramore, did not deal with accidents which occurred on the public highway, but we think they are authority for the plaintiff's contention that the fact of plaintiff having arrived at the place of his employment a short time before he was to report for work would not affect his right to recover insofar as it relates to the question of whether or not he should be considered in the course of his employment, as the evidence showing that plaintiff resided about a mile from his place of employment, it cannot be said that his leaving his residence at half past six o'clock so as to report for work at seven o'clock as unreasonable, or that the interval between the time of his arrival and the time he was to report for work was an unreasonable time, but the question does not relate so much to the time of the accident as to the place of the accident, and as to whether the risk resulting in the accident was incidental to the employment.

While the place of the accident was upon the public highway, and the accident was directly attributable to a risk which was common to all persons using the highway, these facts do not necessarily preclude recovery, provided it can be said that the employment resulted in exposing plaintiff to the risk beyond that to which the public was subjected (Cudahy Packing Co. vs. Parramore, supra; Katz vs. Kadaus & Co.,

232 N. Y. 420; 423 A. L. R. 401) or that it can be said the accident occurred on the employer's own premises (Cudahy Packing Co. vs. Parramore; Jones vs. Louisiana Central Lumber Co., and Prevost vs. Gheens, supra).

The evidence, as stated, shows that the premises where plaintiff was employed were bisected by the highway and that plaintiff, in the course of his employment had, from time to time, to cross the highway in performing his work, and had the accident occurred while he was so engaged there could not be any doubt as to his right to have recovered; but conceding that the fact of one being exposed to the risk of the street or highway while actually performing his work would not necessarily entitle him to recover for injuries resulting from such risk when he was not engaged in the work of his employment, unless it could be said that the place of the accident was on the premises of the employer, we do not think the latter question is to be determined solely by reference to the fact of the accident having occurred on the highway, but rather with regard to the relation which the place of the accident bears to the premises where the person is employed.

In Cudahy Packing Co. vs. Parramore, where the accident had occurred on the highway at a railroad crossing which was about one hundred feet from the employer's premises, it was said:

"Here the location of the plant was at a place so situated as to make the customary and only practical way of immediate ingress and egress one of hazard. Parramore, could not at the place of the accident, select his way. He had no other choice than to go over the railroad tracks in order to get to his work, and he was in effect invited by his employer to do so. And this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risks beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, *and in principle it was as though upon the actual premises of the employer.*" (Italics ours.)

And the ruling in Jones vs. Louisiana Central Lumber Co. was based upon that decision, from which the excerpt above is taken.

In addition to the facts previously stated, the evidence, we find, shows that the highway was the only practical way of immediate ingress and egress to and from the premises, and it appearing that the employment of plaintiff required the use of the highway at the point where the accident occurred in the performance of his work, we are of the opinion that the place of the accident should be considered as on the premises of the employer and the accident to have arisen in the course and out of the employment, and the defendant held liable under the statute.

The plaintiff's leg was broken, and while the evidence does not show that the fracture was of such nature as to cause the permanent loss of the use of the limb, but rather indicates that he will recover and that he should have recovered in seven months from the date of the accident, which occurred on the 12th of July, 1926, yet plaintiff being still disabled on the date of the trial, March 1, 1927, he contends that the period of compensation should be for permanent total disability, under the ruling that where the injury was serious and had caused total disability which had continued for a comparatively long period and still existed at the date of the trial, the period of compensation would be fixed as for permanent total disability.

However, in the present case, the evi-

dence does not indicate the injury has resulted or will result in plaintiff's limb being an impediment to his ability to work or that he will not recover the full use of his limb, and it appearing that the sole cause of his disability is the injury to his limb, the period of compensation should not be longer than would be allowed for loss of the limb, or two hundred weeks (James vs. Spence & Goldstein, Inc., 161 La. 1108, 109 South. 917; Hunter vs. Louisiana Ice & Utilities Co., 6 La. App. 849), and we shall fix the compensation for that period.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff, T. L. LeBlanc, have and recover judgment against defendant, The Ohio Oil Company, for compensation at the rate of sixty-five percent of twenty-seven dollars, or seventeen and 55-100 dollars per week, beginning on July 12, 1926, and weekly thereafter for the period of his disability, not to exceed two hundred weeks, with legal interest on all payments from maturity until paid, and all costs of suit.