KERN v. SOUTHPORT MILL, LTD.
(CHARITY HOSPITAL OF LA., Intervener)

—

(July 20, 1931. Opinion and Decree.)
(October 19, 1931. Rehearing Refused.)
(November 30, 1931. Writs of Certiorari
and Review Granted by Supreme Court.)
(February 29, 1932. Opinion and Decree
of Supreme Court.)

—

John E. Fleury, of New Orleans, attorney for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The Southport Mill, Limited, operates a cotton-seed oil refinery on Washington avenue near Hagan avenue in the city of New Orleans. Henry G. Kern, an employee, was injured on the 13th of April, 1929, by a motortruck on Washington avenue directly in front of the re-

finery. He brings this suit against his employer under the Compensation Law (Act No. 20 of 1914, as amended), claiming that there is due him 400 weeks' compensation, at the rate of $21.45 (the maximum rate under the statute is $20 per week), together with $250 surgical and hospital fees, the whole subject to a credit of $858 previously paid to plaintiff by defendant. The defendant answered, denying that the accident which resulted in plaintiff's injury occurred in the course of, or arose out of, his employment. Defendant also claimed that plaintiff's disability beyond the term for which it had paid compensation was not the result of the accident, but properly chargeable to a pre-existing disease having no relation thereto. The trial court held the defendant liable and rendered judgment as prayed for. Defendant has appealed.

At the time of the accident, 11 a. m., plaintiff was returning to the refinery to resume his employment as a steam fitter. He had been directed by Mr. Monsted, the manager of the defendant company, to do some work at the residence of Mr. Rowley, an officer of the company, and had been to Mr. Rowley's home earlier in the day for that purpose. Mr. Rowley, it seems, paid the refinery for Kern's services, and some argument is made to the effect that Kern was in Rowley's, and not defendant's, employ, when injured. However, the contention is but feebly made and is unimpressive. The serious question in the case is whether Kern's injuries were incidental to his employment, whether they arose out of it, to use the language of the statute. The argument on this point on behalf of defendant is that in crossing the public street in front of its plant, plaintiff was no more exposed to the danger of injury than other pedestrians, his employment at

defendant's plant adding no additional hazard or peril. Plaintiff contends that the fact that the accident occurred on a public highway is unimportant, the determining factor being the propinquity of the scene of the accident:

"But the test is: Where did the accident occur? How close was it to the place of employment? And was the employee at the time of the accident doing something for his employer in line with his employment that subjected him to the danger of injury to which he would not otherwise have been subjected if it had not been for his employment?"

Before an injured employee can recover under the Compensation Law of this state, his injury must have arisen "out of and in the course of" his employment. The laws of some of the other states are not as exacting. See Conaway & Clark v. Marine Oil Co., 5 La. App. 134. In Louisiana, however, both conditions must be present. The injury must have been inflicted in the course of the employment and as an incident thereto; it must have arisen out of it. It is not sufficient that the injury should have occurred in the course of the employment, but it must have been incidental thereto. No recovery can be had for an injury which cannot be traced to the employment as a causative factor. The question of whether the injury bears any causal relation to the employment and may be said to have been sustained in the course of and to have arisen out of the employment has been the subject of consideration by many jurisdictions and without harmonious result.

"Practically every court has offered an explanation for these words, but without success. The precedents of other courts are treated with suspicion, and later cases repudiate the labored explanations of the earlier ones, with the result that the whole subject has been greatly confused. Indeed,

the opinions under the statute have, if such a thing were possible, intensified the common law maze of apparently conflicting and often unintelligible statements, observations, and reasonings, which thoughtful judges deplore." Ruling Case Law, vol. 28, sec. 88, p. 796.

In Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256, 257, the court thus states the principle:

"The test to determine whether injuries to a workman arise out of his employment is not whether the cause of the injury, that is, the agency producing it, was something peculiar to the line of employment, but whether the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment."

The plaintiff in the case at bar was run down in a public street in front of his employer's plant. He can only recover if the peculiar circumstances of his employment subject him to greater peril of street accidents of this kind than is the common lot of other members of the general public.

"Concerning the peril of street accidents the rule is that an award for injury or death which resulted from peril common to all mankind will not be allowed." Ruling Case Law, vol. 28, p. 804.

Was there anything in the nature of plaintiff's employment as steam fitter which would subject him to greater peril on that account? His duties did not require him to be in the public streets, and it does not appear that as a steam fitter he had more occasion than other employees, or other persons, to traverse the highway in front of defendant's plant. In coming to work on a street car it was necessary for plaintiff and other employees to cross Washington avenue in order to get to defendant's plant, because of the fact that the street

car tracks were on the opposite side of the street, or roadway; but in crossing the street in front of the plant, plaintiff was no more exposed to the danger of injury in traffic than if he had attempted to cross at a point more distant from the plant, or any other street with an equal amount of traffic, at any other point in the city. It does not seem to us that the fact that he was hurt in the vicinity of defendant's plant has anything to do with the situation. It was, of course, necessary for him to be in the vicinity, and if it be argued that if he had not been there, he would not have been injured, we reply in the language found in Ruling Case Law, vol. 28, at page 807:

"In answer to the argument that the employee would not have been injured unless he was at the place of employment, it has been said that 'in the same sense, the fact that he was born establishes a causative connection. If he had never come into being he could not have been struck by lightning. The same argument might be made for a claim against one who sold a carriage to one who was struck by lightning while riding in it.' "

In the case of Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 155, 68 L. Ed. 366, 30 A. L. R. 532, relied upon by plaintiff, an employee was killed at a railroad crossing and recovery was allowed because "the location of the plant was at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. Parramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; and he was in effect invited by his employer to do so. And this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a

degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer." In the cited case the Supreme Court of the United States refers to a number of English authorities, quoting with approval the statement of Buckley, L. J., in Pierce v. Provident Clothing & Supply Co., Ltd., 1 K. B. 997, as follows:

"An accident arises out of the employment where it results from a risk incidental to the employment, as distinguished from a risk common to all mankind, although the risk incidental to the employment may include a risk common to all mankind."

This statement of the rule was provoked in a case where a collector, while riding a bicycle in the course of his employment, with the acquiescence of the company, was knocked down and killed by a tramcar. Recovery was permitted because, as a collector on a bicycle, the employee, by reason of his employment, was subject to a peril greater than the general public, though it included a risk common to all mankind.

In Le Blanc v. Ohio Oil Co., 7 La. App. 721, plaintiff, who had been injured on the highway, recovered because:

"The evidence, as stated, shows that the premises where plaintiff was employed were bisected by the highway and that plaintiff, in the course of his employment had, from time to time, to cross the highway in performing his work, and had the accident occurred while he was so engaged there could not be any doubt as to his right to have recovered; but conceding that the fact of one being exposed to the risk of the street or highway while actually performing his work would not necessarily entitle him to recover for injuries resulting from such risk when he was not engaged in the work of his employment, unless it could be said that the place of the accident was on the premises of the employer, we do not think the latter question is to be determined solely by reference to the fact of the accident having occurred on the highway, but rather with regard to the relation which the place of the accident bears to the premises where the person is employed."

In Lumberman's Reciprocal Association v. Behnken et al., 112 Tex. 103, 246 S. W. 72, 74, 28 A. L. R. 1402, Behnken was killed and his dependents permitted to recover under the Texas Workmen's Compensation Act. Behnken's employer, the Hartburg Lumber Company, occupied the entire town of Hartburg, Tex., with its plant, which was spread out on both sides of the Kansas City Southern Railroad. Behnken, in coming to work, was killed by a train at the crossing on the premises of his employer. In that case the court held that:

"The conditions of the employment necessarily and constantly subjected him to special danger inseparable from the regular movement over the crossing of railroad engines and cars, regardless of whether operated by his employer or by another. * * * Without subjecting himself to such dangers he could not do what was required of him in the conduct of the lumber company's business. * * * To hold that he was not acting in furtherance of the affairs or business of the lumber company would be to give a strict interpretation to this remedial statute, which should be liberally construed with a view to accomplish its purpose and to promote justice."

In Zabriskie v. Erie R. R. Co., 86 N. J. Law, 266, 92 A. 385, 386, L. R. A. 1916A, 315, Zabriskie was struck by an automobile on a principal street in the city of Pat-

terson. At the time of his injury he was on his way to a toilet habitually used by employees with the employer's acquiescence. The court held that Zabriskie's employment was such that the danger of injury at the crossing was not that of "an ordinary member of the public crossing a street on his own business, but was the subjection of the employee to that danger by the conditions of his employment."

Without unduly prolonging this opinion with citations, it will suffice to say that we have given our best consideration to the authorities cited by counsel and have concluded that the accident in this case cannot be attributed to any peculiar hazard incident to the plaintiff's employment, but one common to the general public, for which no remedy is given under the compensation statute. The sole ground upon which an argument may be predicated in plaintiff's behalf is the one which he has stressed—the fact that the accident occurred very near the plant of the defendant—but nearness alone is not sufficient. The courts have held, in those cases where injury or death has occurred by reason of an employee crossing a railroad track upon the premises of his employer, that recovery should be allowed because of the extra hazard involved by the presence of the track upon the property of the employer and the necessity of its frequent crossing; but we know of no case involving a street accident where recovery was permitted simply because the street was adjacent to the premises of the employer.

In Federal Rubber Co. v. Havolic, 162 Wis. 341, 156 N. W. 143, 144, L. R. A. 1916D, 968, the court has well stated the principle:

"The causative danger must be peculiar to the work, and not common to the neigh-borhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

It is said that to deny recovery in this case would be to narrow the construction of the Compensation Law, the terms of which are intended to receive the most liberal interpretation of which they are legally capable in the interest of the employee. We have consistently endeavored to so construe the provisions of this act as to further the purpose of the legislation. "The letter killeth, but the spirit giveth light." See the case of Church of the Holy Trinity v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226, for the greatest extension of this doctrine of which we have any knowledge. But the utmost liberality of construction will not justify interpolation of words or the addition of phrases. A workman is not entitled to compensation for accidental injury merely because he is a workman. Nor will it suffice for him to have been hurt in the actual discharge of his duties. There must be a causal relation between the accident and his occupation. The law was not inspired by either philanthropic or eleemosynary considerations, but solely upon economic impulse. Each industry should bear the loss of its own casualties. The pursuit of hazardous occupations entailed certain economic losses due to accidents, which, it was believed, was as much a part of the cost of operation as any other item of overhead expense. Prior to the enactment of Compensation Laws this expense was borne by the employee, unless fault could be imputed solely to the employer. But the Compensation

Law, with certain rare exceptions, unnecessary to mention, sweeps aside all question of fault upon the part of either employer or employee, and treats his injury or death as entailing an expense of operation to the same extent as though part or all of the machinery in the plant had collapsed. But the accident must have arisen out of the employment. The ordinary perils of life and limb, the ills, which human flesh is heir to, are not within the purview of this legislation. Workmen, like other members of the public, must assume all risks incident to the conditions under which we live. The constant presence of a great number of automobiles in our public streets renders the crossing thereof by pedestrians a real adventure, taxing the agility of youth and exhausting the waning strength of age. The plaintiff in this case was unfortunate in that he failed to negotiate the street crossing in safety, as others, in increasing number, are constantly failing to do. But we can discover no causal relation between his occupation and his injury, and, consequently, no relief can be given him under the compensation statute.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the defendant, Southport Mill, Limited, and against the plaintiff, Henry G. Kern, dismissing plaintiff's suit at his cost. It is further ordered that the intervention of Charity Hospital of Louisiana be, and the same is hereby, dismissed.

MORENO and DUNBAR, JR., Judges ad hoc, participating.