CRYSEL v. R. W. BRIGGS & CO. et al.

HARDY v. SAME.

Nos. 4474, 4475.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Polk & Robinson, of Alexandria, for appellant.

Overton, Dawkins & McSween, of Alexandria, for appellees.

MILLS, Judge.

These two cases, arising out of the same accident, are consolidated for the disposal of exceptions of no cause of action filed by defendant in each case. The suits are brought under the Workmen's Compensation Act (Act No. 20 of 1914, as amended). As, for the purpose of the exceptions, all well-pleaded facts contained in the petition are taken as true, we will quote in full the allegations relied upon to support plaintiffs' demands:

"That R. W. Briggs and Company is engaged in the construction of a concrete highway, on Road Number Twenty, in the Parish of Rapides, State of Louisiana, and was and is engaged in a hazardous occupation within the meaning of Act 20 of 1914 and acts amendatory thereto of the General Assembly of the State of Louisiana.

"That on or about the 11th day of November, A. D. 1931, and for sometime previous thereto, your petitioner was in the employ of the defendant contracting company. That his duties were those of a common laborer engaged in ordinary labor in and about the work of the defendant, R. W. Briggs and Company, connected with the construction of said concrete highway, and your petitioner, within the meaning of Act 20 of 1914, and acts amendatory thereto, of the General Assembly, was engaged in a hazardous occupation.

"Your petitioner shows that on the 11th of November, A. D. 1931, and for sometime prior thereto, he was living at the Town of Chopin, in the Parish of Natchitoches, State of Louisiana. That the work of the said R. W. Briggs and Company and in which he was engaged at the time of the accident hereinafter set forth was being done at or near Lena, in the Parish of Rapides, State of Louisiana. That the contract of the said R. W. Briggs and Company for the construction of the concrete highway hereinabove mentioned covered the whole or a portion of the concrete highway to be constructed to or beyond Chopin and Lena, Louisiana. At the time of the accident, the said R. W. Briggs and Company had laid the concrete from Chopin south to a point at or near Lena. That on the 11th of November, A. D., 1931, the said road between Lena and Chopin, Louisiana, had not been accepted by the Louisiana Highway Commission or opened to the general public and barricades and signs had

been erected thereon, notifying the general public to that effect.

"Your petitioner further alleges that he, together with the other laborers employed on this road and living in the vicinity of Chopin, Louisiana, had been advised by the defendant, R. W. Briggs and Company, in going to and from the work upon which they were employed at the time of the accident, to use this new uncompleted concrete road in going to and from the point thereon at which they were employed.

"Your petitioner shows that he, together with other employees, had for some time previous been using this new uncompleted concrete road, which, as stated aforesaid, was being constructed by and was under the supervision and control of the R. W. Briggs and Company, defendant, in coming to and going from the point thereon upon which they were employed; this to the full knowledge and consent and, as stated above, at the express solicitation and request of the defendant R. W. Briggs and Company.

"Your petitioner shows and alleges that on the morning of November 11, A. D. 1931, your petitioner was proceeding to his work with the defendant R. W. Briggs and Company along the route as hereinabove set forth, driving a Ford automobile, he travelling at the time in a southerly direction. That when he reached a point approximately four hundred yards north of Lena, the car which he was driving was negligently and carelessly run into and struck by a Ford one ton truck, which at the time of the collision was being driven by an employee of one of the subcontractors of R. W. Briggs and Company and was being driven on the wrong or left hand side of the road. That, as a result of the accident, your petitioner was knocked unconscious, two ribs were broken, his left knee was crushed and broken, the ligaments and muscles of his left leg torn, and his left wrist broken. That as a result of said accident, his left leg and ankle were and are broken and deformed and your petitioner is totally disabled to do work of a reasonable character; that your petitioner, in addition to the other injuries, suffered by him as aforesaid, is entitled, under the Workmen's Compensation Law, to recover for the loss of a leg and to compensation not to exceed one hundred seventy-five weeks."

The lower court, in an able written opinion, sustained the exceptions and dismissed the suits, from which ruling plaintiffs have appealed.

### Opinion.

The question involved is, under what circumstances is the employer liable, under the Workmen's Compensation Act (Act No. 20 of 1914 as amended), for accidental injuries suffered by employees while on their way to work?

The act provides in subsection 2 of section 1 (Act No. 20 of 1914) that: "Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation" shall come under the provisions of the act.

This provision appears in the law of most of the states and in that of England. The books are full of voluminous but ineffectual attempts to exactly construe and define it and to distinguish between the expression "arising out of" and "in the course of."

Our leading case on the subject is that of Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256, 258, which quotes with approval from the opinion of the Supreme Court of Massachusetts in the case of McNicol et al., 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, as follows:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment. * * *

"But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Also from an English case, Fitzgerald v. Clarke, 99 L. T. N. S. 101, 1 B. W. C. C. 197, in which Buckley, L. J., said:

"The words 'out of' point to the origin or cause of the accident; the words 'in the course of' to the time, place and circumstances under which the accident takes place. The former words are descriptive of the character or quality of the accident. The latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident as conveyed by the words 'out of' involves the idea that the accident is in some sense due to the employment. It must

be an accident resulting from a risk reasonably incident to the employment."

■ After reviewing the jurisprudence, the court in the Myers Case comes to the conclusion that no strict verbal test can be arrived at and that each case must be determined from its own facts; that illustrative cases will best serve as a guide to the intention of the statute. We find this decision cited and approved in these Louisiana cases: Conaway v. Marine Oil Co., 162 La. 147, 110 So. 181; Prevost v. Gheens Realty Co., 151 La. 508, 92 So. 38; Dyer v. Rapides Lbr. Co., 154 La. 1093, 98 So. 677; Ferguson v. Cady-McFarland Gravel Co., 7 La. App. 96; Id., 156 La. 871, 101 So. 248; Lagrone v. McIntyre Lbr. Co., 1 La. App. 567; Lebourgeois v. Lyon Lbr. Co., 6 La. App. 216; Pickett v. Southern Carbon Co., 7 La. App. 297; Catherin v. Commercial Cas. Co., 18 La. App. 693, 138 So. 455.

In Kern v. Southport Mill, Ltd., 19 La. App. 338, 136 So. 225, 226, it is held that to come under the act both conditions must be present; that the injury must have arisen "out of and in the course of" the employment and must have been incidental thereto. The reasoning in this case is not affected by its reversal on the facts, when taken to the Supreme Court on writs. 174 La. 432, 141 So. 19.

■ It is not sufficient that the accident would not have happened but for the fact of the employment; it must have occurred because of some danger or risk inherent to the nature of the employment, or to some risk to which the employee is peculiarly subjected because of his employment.

■ The general rule established in this state is that a workman injured while going to or returning from his place of employment, before the beginning, or after the conclusion of his daily work, is not hurt in the course of his master's trade, and cannot recover under the Workmen's Compensation Act. Bass v. Shreveport-Eldorado Pipe Line Co., 4 La. App. 107; Boutte v. Roland, 15 La. App. 530, 132 So. 398; Nugent v. Lea Lumber Co., 4 La. App. 371; Thompson v. Glen Hill Gravel Co., 19 La. App. 854, 141 So. 797.

Then, to justify granting compensation in the case before us, the circumstances surrounding the accident must bring it within some judicially recognized exception to this rule. Some of these are:

Where the employee was injured while returning from work in a conveyance furnished by defendant. Lagrone v. McIntyre Lbr. Co., 1 La. App. 567; Boutte v. Roland, supra.

While going to a bunkhouse on the employer's premises, furnished to the employee as a part of his pay by the employer. Prevost v. Gheens Realty Co., 151 La. 508, 92 So. 38; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402.

In the case of Ward v. Standard Lbr. Co., 4 La. App. 90, a workman on his way to lunch at the noon hour, struck by an automobile, on the highway immediately adjacent and contiguous to his employer's plant, was held injured in the course of his employment.

In Jones v. Louisiana Cent. Lbr. Co., 2 La. App. 260, plaintiff was injured while crossing a railroad track on his way to work. The house that plaintiff lived in was on the property of defendant. All the ground except the right of way of the railroad upon which he was injured while crossing belonged to defendant. The railroad was not only immediately adjacent to the plant of defendant, but was so connected with it by switch tracks as to form in principle a part of it.

An employee was held entitled to recover where he was struck by an automobile while on his way to work, after he had alighted from an automobile, on a public highway immediately opposite the premises where he worked. The road in this case bisected the oil lease operated by the employer whose workmen were required to pass back and forth over the road in pursuing their occupation. The court held that the road was the only practical way of ingress and egress, and because of its situation should be regarded as a part of the premises of the employer. LeBlanc v. Ohio Oil Co., 7 La. App. 723.

In the leading case of Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532, a workman injured while on his way to work, in crossing railroad tracks immediately adjacent to and so connected with employer's plant as in principle to form a part of it, was allowed to recover. In this case the route taken by the employee was his only practical way of ingress and egress, he was compelled regularly and continuously to cross these tracks to reach his place of employment. In this case the court said the danger must be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or in an abnormal degree; that it must be a risk incident to the employment.

The case of Bountiful Brick Co. v. Giles, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402, is on all fours with the Parramore Case. Giles, on his way to work, was compelled to cross railroad tracks immediately adjacent to his employer's plant and connected with it by a spur. In this case recovery was allowed on the ground that the workman was, in going to and from work, daily exposed to danger on premises so closely adjacent to and connected with those of the employer as to form a part of employer's plant.

■ We cannot see where the present case comes within the facts or the reasoning of any of the above exceptions.

Plaintiff was not going from a boarding house furnished by his employer. The road that he was traveling led over no railway tracks and exposed him to no danger peculiar to that road. It is alleged that he was requested but not that he was required to use this road. It is not claimed that it was the only practical route to his work.

■ The conclusion pleaded, that the road was uncompleted, is contradicted by the allegations of fact that the concrete had been laid and all that remained to be done was the acceptance by the highway commission. A contractor on a public highway, in a strict sense, has no premises, as he neither owns nor leases the right of way. The most that has been held is that the portion of the highway presently appropriated and occupied for the purpose of prosecuting the work can be considered his premises. Hallett Construction Co. v. Industrial Comm., 201 Wis. 182, 229 N. W. 547.

The petition alleges that the work was being done at or near Lena, just how near we do not know, while the place of injury was approximately 400 yards from Lena. So plaintiff, when hurt, was actually or constructively, neither on the premises of his employer or on premises adjacent thereto.

Plaintiffs' claims being barred by the general rule and not coming within the reasoning of any exceptions to it, we conclude that the judgment of the lower court sustaining the exceptions of no cause of action is correct. It is accordingly affirmed.