## BROWN–PACIFIC–MAXON, Inc., et al. v. O'LEARY.

### No. 12366.

United States Court of Appeals
Ninth Circuit.

May 26, 1950.

Bogle, Bogle & Gates, Edw. S. Franklin, Seattle, Wash., for appellants.

J. Charles Dennis, U. S. Attorney, John E. Belcher and Vaughn Evans, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment confirming a compensation award against appellant employer and its insurance carrier for the death of one John Valak made under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., hereinafter called the Act. Valak was drowned in an attempt to rescue an unknown person from a reef off the Coast of Guam. The ground of the appeal here is that the attempt to rescue the distressed unknown was not any work arising out of or in the course of Valak's employment nor in any recreation engaged in, for his employer's benefit.

The uncontradicted testimony is that for the recreation of employees of the appellant employer it maintained a recreation center at a place on the Island of Guam called Camp Ethridge, situate on the shore of the island. There was provided

by the employer at the camp a swimming pool on the camp grounds and a club where employees could get beer and sandwiches. The recreation center was open to any civilians on the island provided they were employed by other contractors on the island. The employer furnished a bus, fare free, for its employees to go to the camp every day, Sundays included. In fact Sunday was the busiest day at the camp. Any employee of the employer appellant could ride on the bus and use the recreation facilities.

Half a mile at sea and parallel with the shoreline of the camp was a reef on the inshore side of which ran dangerous currents. There was a huge sign posted on the door opposite the swimming pool and one on the bath-house stating all the regulations for the use of the camp, among them a prohibition of swimming in the channel near the reef, and that no one was permitted on the reef. On the Sunday in question, Howard Barenthin, Robert Barnum, John Valak and Henry P. Butryn, all employees of appellant employer, were preparing to get on the bus and leave Camp Ethridge. As they started to leave, John Valak heard someone on the reef asking for help and the four employees raced to the waterfront to assist in the rescue. These four employees, as far as can be ascertained from the record, were the first persons to see the man in distress. Valak and Butryn went to the rescue of the man on the reef. In his attempt to save the life of the person on the reef, Valak lost his life by drowning in attempting the passage through the forbidden area of the dangerous current. Immediately following the attempt of Valak and Butryn to rescue the unknown man, a rescue squad was organized and a number of other persons who likewise attempted the rescue were saved by the guards and security police.

 This court has held that in the use of such facilities for the employee's recreation, such recreation is an incident of his employment. Liberty Mutual Ins. Co. v. Gray, 9 Cir., 137 F.2d 926, 928. However, we cannot agree with the commissioner that Valak, having finished his recreational use of the camp and about to get into a bus to leave it, was engaged in the recreation provided by his employer for the improvement of the quality of Valak's services, when he left the bus and made the gallant sacrifice of his life in the forbidden currents moving alongside the reef half a mile offshore.

 The lethal currents were not a part of the recreational facilities supplied by the employer and the swimming in them for the rescue of the unknown man was not recreation. It was an act entirely disconnected from any use for which the recreational camp was provided and not in the course of Valak's employment. Pillsbury v. Liberty Mutual Ins. Co., 9 Cir., 143 F.2d 807, 808; Northwestern Pac. R. Co. v. Industrial Accident Commission, 174 Cal. 297, 163 P. 1000, L.R.A.1918A, 286, employee injured while aiding an injured passenger; Sichterman v. Kent Storage Co., 217 Mich. 364, 186 N.W. 498, 502, 20 A.L.R. 309, employee injured while performing an "act of humanity entirely dissociated from the master's work."

The judgment is reversed and the compensation ordered is set aside.