49 So.2d 53 (1950)
EDWARDS
v.
LOUISIANA FORESTRY COMMISSION.
No. 7512.
Court of Appeal of Louisiana, Second Circuit.
November 3, 1950.
Rehearing Denied December 14, 1950.
John P. Godfrey, Many, for appellant.
Bolivar E. Kemp, Baton Rouge, Olin D. Moore, Many, and Wilkinson, Lewis & Wilkinson, Shreveport, for appellee.
HARDY, Judge.
This is a compensation suit in which plaintiff claims permanent and total disability. Defendant interposed an exception of no right and no cause of action, which was referred to the merits, and after trial there was judgment sustaining the exception and dismissing plaintiff's suit, from which judgment plaintiff prosecutes this appeal.
Reference to plaintiff's petition discloses the material allegations upon which he relies to be substantially as follows:
That on and for sometime prior to December 31, 1947, petitioner was employed by defendant, Louisiana Forestry Commission, as a towerman; that on the date set forth, while engaged in his duties in the tower, plaintiff observed a child, on the ground near the tower, who was being attacked by a dog, which later proved to be rabid; that plaintiff precipitously descended the stairway of the tower and killed the dog in effecting the rescue of the child; that plaintiff noticed severe pain in the region of the groin at the time and subsequently was acquainted with the exact nature of his injury which was diagnosed *54 by his physician as a left inguinal hernia; that he continued to work, albeit with severe pain; that he was at the time of filing of suit on December 30, 1948, totally disabled from performing the work in which he was engaged at the time of the accident; and that he believed he would be permanently disabled.
Defendant's exception was directed to the quite obvious question as to whether plaintiff's injury actually arose out of or in the course of his employment as a towerman in the employ of the Louisiana Forestry Commission under the provisions of Section 2 of Act No. 20 of 1914, as amended, Act No. 85 of 1926, Dart's Statutes, Section 4392. It is apparent that the issue thus presented must of necessity be determinative of this action.
Several of the propositions advanced by plaintiff's learned counsel may be disposed of with a brief comment. Conceding the essential motive of humane response on the part of plaintiff in rushing to the rescue of an imperiled child, it does not follow that this action was undertaken in the interest of plaintiff's employment or for the benefit of his employer. Despite a serious effort to establish responsibility of the employer for the safety of persons on the premises, we are convinced that the record fails to substantiate this contention.
Stripping the matter of all non-essentials and of all hypothetical propositions, the plain, blunt and unequivocal question remains: "At the time of the alleged accident was plaintiff engaged in an act within the course and scope of his employment?"
The essential factors in the determination of this question are set forth in the case of Kern v. Southport Mill, 174 La. 432, 141 So. 1921, as follows: "In determining, therefore, whether an accident `arose out of' the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
Clearly the instant case does not satisfactorily fulfill the requirements enumerated. But it is urged that the prescribed tests are not applicable to every case and that, as indicated in Crysel v. R. W. Briggs & Co., La.App., 146 So. 489, "each case must be determined by its own facts". Certainly there is no ground for taking issue with this principle which has been emphasized and re-emphasized by the courts of this state in almost innumerable instances.
Counsel for plaintiff, citing Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256, 258, insists upon the application of what he calls "the rule of the Myers case" and which he states as follows: "It (an injury) arises `out of' the employment, when there is apparent to the rational mind upon a consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."
It is observed that the above quotation was not original to the opinion in the Myers case but is an extract from a portion of the opinion in Re McNicol (In re Employers' Liability Ass'n Corp.), 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306, which was quoted in the Myers case. However, it is apparent from the text of the opinion that the "rule", if it may be so denominated, may be accepted as a guide.
On the basis of this "rule" it is argued that there is a definite causal connection between the conditions under which plaintiff was required to perform his work and the resulting injury, in that plaintiff was required to make the ascent and descent of the tower stairs, and that he was injured in the descent of the stairs as particularly described. This contention loses its force and effect in view of the fact that plaintiff was not required to make the particular descent of the stairs during which he was injured "in the course and scope" of his employment.
In discussing the point here at issue we are constrained to feel that it is res nova in our jurisprudence. It does not accord with the facts in those cases in which an employee has suffered injury by reason of turning aside from his employment for the purpose of satisfying his own pleasure or whim, as a consequence of which recovery *55 has been denied, nor does it comport with those cases in which an employee has been permitted recovery as the result of an injury which, while not sustained actually in the strict course of his employment, has resulted from his action in satisfying some natural need or desire.
Parenthetically, we concede that the phrase "in the course and scope of employment" has been liberalized by the interpretation of the courts of the State of Louisiana far beyond a strict and technical construction. Although our courts have consistently used the specified phraseology which is especially set forth in the statute itself, a more considered expression, in the light of the conclusions reached, would seem to be "in the contemplation of" the employment. Thus, natural acts of an employee are reconciled with his employment, and injuries sustained in the course of such acts are properly considered compensable.
However, notwithstanding the amplification, extension and liberalization of the phrase, we remain unconvinced that the facts presented in the instant case bring it within even the most liberal purview of judicial interpretations of the act.
We are not unaware of the impelling equities of plaintiff's position, and it is with understandable regret that we feel we must conclude the matter against his interest. On its face it would appear that the denial of recovery for injuries sustained in an act of heroism, courage and humanity is a harsh and unnatural resolution. But it must be remembered that the act so performed was not responsive to any duty imposed by the employment, nor did it serve any interest of the employer, and this conclusion is inevitable no matter how strained an effort be made toward its circumvention.
Reference to somewhat analogous cases from other jurisdictions indicates that, as a general rule, awards have been sustained in instances where some association between the act and the employment could be justified or where the service of the interest of the employer might be recognized. We do not find that either of these elements can be justified in the case at bar.
In a late case decided May 26, 1950, Brown-Pacific-Maxon, Inc., v. O'Leary, 182 F.2d 772, 773, the United States Court of Appeals for the Ninth Circuit denied recovery for the death of an employee who "made the gallant sacrifice of his life" in an attempt to rescue a stranger imperiled by lethal currents in or near a recreational swimming area provided by the employer. The court said: "It was an act entirely disconnected from any use for which the recreational camp was provided and not in the course of Valak's employment. Pillsbury v. Liberty Mutual Ins. Co., 9 Cir., 143 F.2d 807, 808; Northwestern Pac. R. Co. v. Industrial Accident Commission, 174 Cal. 297, 163 P. 1000, L.R.A.1918A, 286, employee injured while aiding an injured passenger; Sichterman v. Kent Storage Co., 217 Mich. 364, 186 N.W. 498, 502, 20 A.L.R. 309, employee injured while performing an `act of humanity entirely dissociated from the master's work.'"
Regretfully, but nonetheless firmly, we are of the opinion that plaintiff's action cannot possibly be construed to have been within the course or scope of his employment nor can it be considered as having redounded to the benefit or interest of his employer.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., dissents.
KENNON, J. (dissenting).
It is my opinion that a workman, confronted by an emergency of the sort described, in which he is the only adult present to avert an impending danger to a fellow human being, particularly a child of tender years, has the right to take such action and to render such assistance as an ordinarily prudent person would do under the same circumstances, and that such action does not constitute a "turning aside" from his employer's business.