MARIANAS STEVEDORING AND DEVELOPMENT COMPANY, INC., Appellant

v.

BENJAMIN H. KELLY, Workmen's Compensation Commissioner, Government of Guam, Appellee

Civil No. 28-A

District Court of Guam

Appellate Division

March 30, 1962

*Counsel for Appellant:*   E. R. CRAIN
*Counsel for Appellee:*   LOUIS A. OTTO, JR., *Attorney General;*
                         LEON D. FLORES, *Island Attorney;*
                         RICHARD D. MAGEE, *Deputy Island*
                         *Attorney*

Before SHRIVER, *District Judge, Presiding;* DUENAS, *Judge,* Island Court of Guam

SHRIVER, *District Judge*

## OPINION

This is an appeal from the Island Court of Guam, which court granted the appellee's motion for summary judgment in a Workmen's Compensation case which was under review by that court, pursuant to Section 37021(b) of the Government Code of Guam. This section was taken from Section 921(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 921. The Guam Legislature vested jurisdiction in the Island Court of Guam just as comparable jurisdiction is vested in the Federal District

Courts under the Harbor Workers' Act and since this and the Guam Workmen's Compensation Act are substantially the same, it is possible to rely upon United States cases in construing the Guam Act.

The appellant contends that summary judgment was improperly granted if any questions of fact remained to be determined by the Island Court. The Rules of the Island Court follow the Federal Rules of Civil Procedure. We agree that if any questions of fact remained to be determined in the Island Court, summary judgment is not permitted. This is illustrated by the recent case of *Poller v. Columbia Broadcasting System, Inc.* (1962) 368 U.S. 464:

"Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case 'show that [except as to the amount of damages] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c), Fed. Rules Civ. Proc. This rule authorizes summary judgment 'only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.' *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627 (1944). We now examine the contention of the parties to determine whether under the rule summary judgment was proper."

It will be noted, however, that under the provisions of Section 37021(b), the Island Court is given jurisdiction to suspend or set aside, in whole or in part, the determinations made by the Commissioner only "if not in accordance with the law." The factual questions are to be determined by the Commissioner. The review responsibility of the Island Court is limited to a determination as to whether there is substantial evidence to support the Commissioner's findings. It is not contended in this case that any jurisdictional question existed. The Island Court had before it the record

upon which the Commissioner based his findings. This record was attached to the amended complaint. The question as to whether that record contained substantial evidence upon which the findings were based was presented through the submission of briefs, so that the Island Court, before it granted summary judgment, had before it everything upon which it could base its determination. It must be pointed out that under its review function the Island Court is not given authority to substitute its judgment for that of the Commissioner. If substantial evidence does not exist to support the award, the Island Court is authorized so to find as a matter of law. A case which arose in Guam, but which was not presented to Guam courts, involved an award to the mother of a deceased employee of Brown-Pacific-Maxon, Inc. This employee was on a recreational beach maintained by the employer when he heard cries of "help" from two men standing on the reef. The deceased was drowned as he attempted to reach these men. An award was made, and a petition was filed in the District Court to set aside the award. The District Court denied the petition upon the ground that there was substantial evidence to sustain the compensation order. This denial was appealed to the United States Court of Appeals for the Ninth Circuit and was reversed, 182 F.2d 772. The Court of Appeals was of the view that the death was entirely disconnected from the employment. The Court of Appeals was reversed. In *O'Leary v. Brown-Pacific-Maxon*, 340 U.S. 504, the Supreme Court stated, p. 508:

"We are satisfied that the record supports the Deputy Commissioner's finding. The pertinent evidence was presented by the written statements of four persons and the testimony of one witness. It is, on the whole, consistent and credible. From it the Deputy Commissioner could rationally infer that Valak acted reasonably in attempting to rescue, and that his death may fairly be attributable to the risks of the employment. We do not mean that the evidence compelled this inference; *we do not suggest that had the*

*Deputy Commissioner decided against the claimant, a court would have been justified in disturbing his conclusion.* We hold only that on this record the decision of the District Court that the award should not be set aside should be sustained." (Italics supplied.)

The case of *Colonna's Shipyard v. O'Hearne*, 200 F.2d 220 is illustrative of the case which is now before us. A 63-year-old workman turned his left ankle in the course of his employment and felt pain, but did not twist or strain or injure his knee. Subsequently a thrombus developed, as a result of which the leg was amputated above the knee. A compensation award was made, sustained by the District Court, and appealed to the Court of Appeals. The appeals court was careful to trace a medical history which showed that the worker had knowingly suffered from an auricular fibrillation and that this condition not infrequently causes emboli or clots to form on the walls of the chamber of the heart which may move through the arterial system to the brain and cause cerebral thrombosis; or, on the other hand, may move to the other extremity of the body and there give rise to an arterial obstruction which may result in gangrene and necessitate an amputation. The Court concluded that there was not substantial evidence to support the award and stated at page 223:

"The record contains no qualification or contradiction of this testimony. It is true that the diagnosis of the injury is not susceptible of absolute certainty and that the formation of a spontaneous clot in the vascular system of an aged person through a local trauma is a possibility; but in this case the source of the trouble was definitely located by the pathological examination at the knee and not at the ankle, and the evidence shows that the obstruction was sufficient to account for the pain which the claimant first noticed when working on the ship."

In the instant case practically undisputed evidence shows that a 42-year-old Filipino employee was engaged in lifting a tilt cylinder of a forklift when he suffered a cere-

bral thrombosis caused by an aggravation of a previously-existing arterial disease. The weight of the tilt cylinder was approximately 34 pounds and two persons were engaged in moving it. The weight being lifted was much less than the maximum weight which a workman could ordinarily lift with complete safety. The Commissioner found from the medical evidence that there was a pre-existing arterial disease. However, as differentiated from the medical evidence in the *O'Hearne* case, the medical evidence showed that there was a direct causal connection between the lifting and the formation of the thrombus. Dr. Dwight Dill stated, in part, as follows:

"The other possibility of slowing of the cerebral circulation is quite pertinent in this case in that the lifting of an object, even one weighing only 17 pounds, causes a contraction of the abdominal muscles which places force upon the internal organs of the abdomen; this force on the abdominal organs results in a blockage of the out-flow of venous blood from the cerebrospinal venous system thereby resulting in a slowing of the movement of blood or a spasm of the blood vessels of the cerebrovascular system. This type of reaction is familiar to each of us in the form of slight dizziness or lightheadedness which accompanies a violent attack of sneezing, coughing or undue straining during a bowel movement. It is therefore quite possible that the precipitating factor in this man's cerebral thrombosis was that of lifting an object resulting in tension of the abdomen and thereby slowing the cerebral blood flow sufficiently to permit the already existent partial occlusion to be rendered a complete occlusion by blood coagulation around the plaque or fibrotic area in the cerebral vessel."

The Commissioner had substantial evidence to justify his findings that the lifting of the weight precipitated the cerebral thrombosis.

As pointed out above, the limited review function does not permit the Court to substitute its judgment for that of the Commissioner. There was nothing for the Commissioner to answer and he chose to move for summary judgment.

87

The same results would have been reached if he had moved to deny the relief sought. We must not confuse summary judgment in this case with summary judgment in the ordinary adversary proceeding. In affirming, we wish to express our thanks for the briefs that were submitted both to the Island Court and to this Court. It may well be that the injured workman would have suffered the same inevitable result regardless of any causal connection with his employment, but the fact remains that the end result was precipitated by the lifting in which he was engaged at the time of his collapse. Affirmed.