No. 2464

Second Circuit

WARD v. STANDARD LUMBER COMPANY

(December 1, 1925, Opinion and Decree)

(May 7, 1926, Opinion and Decree on Rehearing.)

(June 30, 1926. Opinion on Rehearing.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant Par. 158.**

An employee who is injured by being struck by an automobile while crossing a road adjacent to the premises where he is working while on his way to lunch was injured while in the course of his employment, the risk of crossing being a greater hazard by reason of such employment, he can recover under the Employers' Liability Act No. 20 of 1914.

2. **Louisiana Digest—Master and Servant —Par. 159.**

Where an injured employee is given judgment for compensation under Section 8, Subsection 1 (c), of the Employers' Liability Act No. 20 of 1914, as amended by Act 216 of 1924, he is entitled to recover sixty-five per cent of the difference between what he is earning and what he was earning at the time of the accident for a period not exceeding three hundred weeks.

3. **Louisiana Digest—Master and Servant —Par. 160 (e), 160 (l).**

An error in a decree granting compensation which failed to limit the period of compensation to the period of disability is an error that does not affect the merits of the case and can be corrected without reopening the case.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Caldwell. Hon. F. E. Jones, Judge.

Action by Charles P. Ward against Standard Lumber Company for compensation.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellee.

C. P. Thornhill, of Columbia, and Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellant.

WEBB, J. In this action the plaintiff seeks to recover compensation under the Employers' Liability Act for total disability to do any work of a reasonable character, alleged to have resulted from injuries received while in the employ of the defendant.

On trial the District Court rendered judgment denying the right of recovery for disability to work, but held that plaintiff had sustained serious permanent disfigurement, awarding compensation under Clause (e) of Subsection 1 of Section 8 of the statute.

The defendant appealed, and plaintiff answered the appeal praying that the judgment be amended and compensation awarded as originally prayed for.

## OPINION

The plaintiff contends he suffered injuries in two accidents, one on January 27, 1925, and the other on March 4, 1925, which had disabled him.

The evidence, we think, rather conclusively establishes that plaintiff was not disabled by the injuries received in the accident of January 27, 1925, from doing work of the character in which he was engaged at the time of the accident, as it appears that after being laid off for a short time he returned and took up the same employment, receiving the same wages, and accepted compensation for the time lost without protest; that he made no complaint, and performed the duties of his work, putting in full time without complaint.

As to his injuries resulting from the accident of date March 4, 1925, the physicians who examined him some five months after the accident stated that they could not find any objective symptoms which would indicate he was disabled from working at his former employment (log-setter in a sawmill), and the evidence shows that within about twenty days after the accident he returned to the defendant's service and worked for several days and was engaged in handling the "log-carriage" at the time of his discharge, which discharge was not by reason of his incompetency but rather from his taking offense on being reprimanded for not cutting the lumber as directed.

On the other hand, the evidence shows that the injuries which plaintiff received in the accident of date March 4, 1925, were serious, being a wound on the head and a fracture of the spine, and he states that he has suffered since with headache, backache and dizziness, and has been unable to work continuously from day to day.

The physicians who examined him stated that the wound on the head was a scalp wound and had healed, leaving, however, a scar which was permanent, and that the injury to his spine was in process of healing but had not entirely healed at the time of the examination.

One of the physicians who attended plaintiff after the accident on the 4th of March, 1925, until the 16th of April, when plaintiff was discharged from further attention, says that plaintiff had complained of dzziness during the time he was treated, but that he had ceased to make any complaint before the time he discontinued his services.

The statement of plaintif as to his inability to work continuously is corroborated by the testimony of other parties, who testified that plaintiff, who has been engaged in working for a box factory at Natchez, Mississippi, would remain off duty and in bed for several days in each week.

The evidence does not indicate that plaintiff is a malingerer; on the contrary, it indicates a willingness to work, and although the opinion of the physicians was that the objective symptoms did not indicate any disability, we are of the opinion that the seriousness of the wounds received by plaintiff, and his testimony as to his disability, which is in a manner corroborated by the testimony of persons who had opportunity to observe plaintiff since the accident, establishes that plaintiff is partially disabled from doing work of a reasonable character.

As to the liablity of the defendant, it is contended that the accident did not arise in the course and out of the employment for the reason that it occurred on the public highway and from a hazard or risk to which the plaintiff, as well as all other persons who used the highway, were subjected.

There is no exact rule by which it may be determined whether or not any given accident in which an employee is injured arose in the course and out of the employment, but the relationship of the accident to the employment must be determined with reference to the facts in each case.

The evidence in this case shows the plant or premises of defendant where plaintiff was employed was located adjacent and contiguous to the highway over which the employees had access to the premises, and that plaintiff, who was on his way to lunch at the noon hour, while crossing the highway at a point contiguous to the premises, was struck by an automobile being driven by its owner, who was an employee of defendant and fellow employee of plaintiff, and who was at the time leaving the premises on his way to lunch.

We are of the opinion that the place of the accident, being in close proximity to the place of employment and being the way over which plaintiff had access to the premises, and the time to have been when he was leaving the premises for lunch, the accident arose in the course of the employment. (Jones vs. Louisiana Central Lumber Co., 2 La. App. 260; Cudahy Packing Co. vs. Parramore, 263 U. S. 418; 68 Law Ed. 366). And that the risk of crossing the highway, being increased by reason of its use at the time of the accident by the fellow employee of plaintiff, the plaintiff was subjected to a greater

hazard by reason of the employment than would have been the case for one not thus engaged, and that the accident arose out of the employment. (Myers vs. La. Ry. & N. Co., 140 La. 937, 74 South. 256; Dyer vs. Rapides Lumber Co., 154 La. 1091, 98 South. 677; Ferguson vs. Cady-McFarlane Gravel Co., 156 La. 871, 101 South. 248.)

The plaintiff was receiving at the time of the accident twenty-four dollars per week, and the evidence shows that he is earning eight dollars per week in a similar employment. He is entitled to recover sixty-five per cent of the difference between twenty-four dollars and eight dollars for a period of three hundred weeks under Clause (c) of Subsection 1 of Section 8 of the statute, as amended by Act No. 216 of 1924.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that plaintiff have and recover judgment against defendant in the sum of ten and 40-100 dollars per week for a period not exceeding three hundred weeks, beginning on March 5, 1925, with five per cent per annum interest on all payments from date of maturity until paid and all costs of suit, and as thus amended the judgment appealed from be affirmed, the cost of appeal to be paid by defendant.

---

## ON APPLICATION FOR REHEARING

REYNOLDS, J. Defendant, in an application for rehearing, among other things, complains that our decree does not fix a time less than one year from the date of our judgment within which the defendant may cause the plaintiff to be physically examined, and in the event of his complete recovery or decided improvement ask for satisfaction or modification of the judgment; and plaintiff cites, in support of this contention, Rogers vs. Thermatomic Carbon Co., 157 La. 193, 102 South. 304.

This authority, we think, goes no further than to hold that the Employers' Liability Act authorizes the trial court to render judgment for compensation for less than one year, which question is not in dispute in this case.

We do not understand the court to hold that any court has authority to order a plaintiff in whose favor judgment has been rendered to submit to a physical examination within less than a year from the date of the judgment to ascertain whether he has entirely recovered or has improved from his injuries.

The Supreme Court, in Daniels vs. Shreveport Producing & Refining Corporation, 151 La. 800, 92 South. 341, said:

"The year would have expired within a month from this date if defendant had not appealed. To reopen and remand the case now would be the same as to annul the judgment and grant a new trial. Such a proceeding, perhaps in any case coming within the provisions of the statute, would defeat the very object of Section 20; for it would deprive the judgments in such cases of all stability or value."

Our decree herein failed to limit the period of compensation to the period of disability. This was an error that in no way affects the merits of the case and can be corrected without reopening the case.

It is therefore ordered, adjudged and de-

creed that our decree herein be so modified as to read:

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that plaintiff have and recover judgment against defendant in the sum of ten and 40-100 dollars per week during the period of disability for a period of not exceeding three hundred weeks, beginning on March 5, 1925, with five per cent per annum interest on all payments from the date of the maturity thereof until paid, and all costs of suit, and, as thus amended, the judgment appealed from be affirmed.