## HARLESS v. FORGY, HANSON & Mc-CORKLE, Inc.

### No. 1169.

Court of Appeal of Louisiana. First Circuit.

June 30, 1933.

Fern M. Wood, of Leesville, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

LE BLANC, Judge.

This is a proceeding instituted under the Employers' Liability Act (Act No. 20 of 1914 as amended), in which the demands of the plaintiff were rejected by the lower court and his suit dismissed on an exception of no cause or right of action.

Plaintiff was employed by the defendant company which was engaged in the construction of a highway from Simpson to Seiper in Vernon parish. In his original petition he sets out the nature of his employment and alleges that, while returning from his work on the afternoon of January 27, 1932, he fell from the truck he was riding on and broke his left leg at or near the ankle. He further alleges that the way he was returning from his work was the usual and the only way in which he did and could do so.

An exception of no cause or right of action to this original petition was sustained by the lower court, but plaintiff was granted leave to amend and amplify the same.

In an amended and supplemental petition, plaintiff avers as follows:

"That on January 27, 1932, at or near Simpson, Louisiana, your petitioner was employed by Forgy, Hanson and McCorkle, Inc., in the construction of a highway locally known as a highway leaving the Alexandria and Leesville highway at Simpson, Louisiana, and on to Seiper, Louisiana, his duties consisting of building said highway by means of shovels and wheel barrows, and after finishing his day's work, and while on his way to his home, and riding on an automobile truck belonging to a Mr. Albright, your petitioner lost his balance and fell from the said automobile, breaking his left leg.

"That the location and place of the accident and injury was about four hundred yards from the actual premises of the defendant company, and the location and place of the accident and injury was in such close proximity to actual premises, and was immediately adjacent to the premises of the defendant company to the extent that the accident and injury was in principle on the premises of the defendant company."

Defendant filed another exception of no cause or right of action which was again sustained by the court; the judgment resulting this time, however, in the dismissal of the suit. From that judgment, plaintiff took this appeal.

In the allegation quoted from the supplemental petition, it is made clear that plaintiff had finished his work for the day and was returning home. There is nothing to indicate that the truck on which he was riding was furnished by his employer as a means of transportation. The averment that it belonged to "a Mr. Albright" on the contrary leads to the inference that there was no connection whatsoever between plaintiff's employment and the fact that he was going from his work on that particular truck, otherwise, it seems to us, he would surely have alleged what that connection was. The question therefore as to whether he was injured while returning from work in a conveyance or means of transportation furnished by the employer is not an issue in the case, and the only point involved seems to be whether his petition discloses such a state of facts as to permit him to show that the place at which he was injured was in such close proximity to the employer's premises, or so connected therewith, that in principle the accident may be considered as having happened on the actual premises, and consequent-

ly to have arisen in the course of the employment.

■ Referring to the allegation of plaintiff's petition in which the locality and place of the accident and injury is described, it is noted that it was about four hundred yards from the actual premises of the defendant company. That, naturally, under the pleading, would have to be the proof to which plaintiff would be restricted. Of course, it is further alleged that the location was so near the premises of defendant and adjacent thereto as to make it, in principle, the actual premises themselves. But this last allegation is nothing more than a conclusion of the pleader not supported by his preceding allegation, because a location four hundred yards away from another can hardly be said to be adjacent thereto and, in principle, the same premises. The general rule to the effect that, where an employee is injured on his way to or from work, he is not entitled to compensation if the injury happens while he is off of the employer's premises, is so well recognized that it is hardly necessary to cite authority. This court had the question under consideration in the case of Thibodeaux v. Yount Lee Oil Co., 13 La. App. 591, 128 So. 709, and numerous authorities were therein referred to. Here it is apparent that plaintiff has endeavored to bring his case within one of the few exceptions recognized thereto by alleging close proximity between the place of the accident and the employer's premises. But it would require a strained construction of the statute, indeed, to hold that an accident which happened after the employee's work for the day has ceased, on a stranger's truck, four hundred yards away from the employer's premises, was in effect and in law an accident which occurred on the premises. The test in such cases is whether the accident and injury arose out of and in the course of the employment. Applying that test to the facts alleged by the plaintiff in this case, we are of the opinion that it did not and that he could not establish any causal connection between his injury and the nature of his employment.

Counsel for plaintiff relies strongly on the case of Le Blanc v. Ohio Oil Co., 7 La. App. 721, but a mere reading of the description of the premises of the employer and their connection with the highway running through them, on which the accident occurred, is sufficient to distinguish the case from this. The plaintiff there was engaged as a general workman on an oil lease operated by the defendant oil company. In the opinion, it is stated that the lease covered eighty acres, a part of which had been developed, and which part was traversed by a public highway. On one side of this highway there were oil wells and on the other side houses and buildings used in connection with defendant's operations. In going from one part of the premises to the other,

it was necessary for the injured employee to cross over the bisecting highway. The accident occurred in the morning when he was on his way to work. He had obtained a ride in a stranger's automobile, and on arriving at a point on the highway opposite one of the defendant's houses, known as the "tool house," he there alighted, and in crossing the highway was struck by an automobile being driven by some one not connected with his employer. The court held that the case came within the exception to the general rule, and that, because of the relation of this particular highway to the premises of the employer's, the accident should be considered as having happened on the premises themselves. When, in the case before us, it is considered that the accident happened four hundred yards away from the premises, which premises after all was a road under construction, the distinction becomes at once apparent.

We believe that the other authorities cited by counsel could be as easily differentiated did we deem it necessary to do so. Sufficient is it for us to say that under the facts as here alleged by the plaintiff he has failed to state a cause of action, and the judgment dismissing his suit below on the exception was, in our opinion correct.

Judgment affirmed. ,