Alleging that the accidental death of her husband arose out of his employment with the defendant, J. B. Beaird Company, Inc., plaintiff filed this suit against that company and its insurer for three hundred weeks compensation and for funeral expenses.
The petition set forth that the fatal accident occurred on March 29, 1947 at about 7:30 a.m. while plaintiff's deceased husband was enroute to the Beaird plant, while within approximately 100 feet of the entrance thereto, and while crossing the tracks of the Kansas City Southern Railway Company, which railroad was immediately adjacent to the Beaird company's plant and was connected thereto by means of rail switches.
The answer admitted the employment of plaintiff's husband and that he was killed at the crossing of the Kansas City Southern Railway on 63rd Street in Shreveport, Louisiana while driving his own automobile, but denied the allegation that the accident arose out of decedent Attaway's employment and the allegation that at the time of the fatal injury he was pursuing the usual and least hazardous means of reaching his place of employment.
The District Court, in a well considered written opinion, gave judgment in favor of the plaintiff and the case is before us on a suspensive appeal by both defendants. *Page 633 
The principal facts on which the case was decided are not in dispute. Plaintiff's husband, Carl F. Attaway, was employed by the J. B. Beaird Company, Inc. as a stationary engineer. The Beaird company employs several hundred men and is engaged in the manufacture of industrial articles necessitating the constant use of railroad facilities and its premises in the City of Shreveport are bounded on the east by the right-of-way of the Kansas City Southern Railroad. On the south 63rd Street is the boundary of the Beaird premises. The northwest corner of the intersection of 63rd Street and the railroad right-of-way is the southeast corner of the Beaird company plant premises. From the nearest point of the intersection where the accident occurred, it is fifty feet to the nearest corner of the building where the deceased employee worked, and some 650 feet around the street to the employee's entrance to the Beaird premises.
The deceased employee lived at 1443 Beuna Vista Street, some six miles distant from and west of the Beaird plant, and west of the Kansas City Southern tracks which run alongside the Beaird plant. The railroad crossings over several of the routes available to the decedent were protected by automatic signaling devices. The railroad crossing on 63rd Street contained no automatic signal devices.
The testimony is in conflict as to whether the route the deceased used on the morning of the accident (which included Southern Avenue and the 63rd Street railroad crossing) was the customary one for him. This point is not decisive since the 63rd Street crossing was customarily used by many of the Beaird employees to the knowledge of and without objection from the company or its officers.
The deceased customarily entered the plant between 7:30 and 7:45 a.m. in order to have certain engines for which he was responsible started and in operation by 8:00 a.m. On the morning of the fatal accident, he was expected at the plant by 8:00 a.m. The accident occurred around 7:30 a.m.
The learned District Judge considered the decisive question in the case to be, "Was this accident, considering time, place and circumstances, one arising out of and in the course of deceased's employment, within the reasonable intendment of the statute?" In support of his decision in favor of plaintiff, he cited Walker v. Lykes Brothers-Ripley Steamship Company, Inc., La. App., 166 So. 624; Cudahy Packing Co. v. Parramore,263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532; Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402.
In both the Giles and Parramore cases the Supreme Court of the United States approved a judgment of the Supreme Court of the State of Utah awarding compensation to the dependents of an employee killed while crossing railroad tracks lying immediately adjacent to and connected by means of switches to the employer's premises.
The Louisiana Courts have followed the general rule that the injury suffered by an employee in going to or returning from his place of employment is not compensable except in cases where an employee is injured while riding to or from his work in the vehicle of his employer. In the Walker case, supra, the Court set forth a further exception to the general rule in the following language [166 So. 626]: "The other exception to the general rule exists when the injury takes place before or after working hours outside of, but within close proximity to, the premises of the master, and results from a hazard to which the employee, by reason of his employment, when considered in connection with the situation of his employer's premises, is subjected to a greater risk than the public in general. For this exception to be invoked, the means of customary ingress and egress to and from the master's premises must be such as to compel the employee to submit, by reason of his employment, to greater hazards than the public in general, although such risks may exist, in some measure, with respect to the general public. Moreover, it has been held in these cases that a continuance of the course of the employment is extended in allowing the employee a reasonable time, before or after working hours, to enter or leave the *Page 634 
premises, or hazards adjacent thereto, and, if injury occurs under these circumstances, liability attaches to the employer for compensation. The Supreme Court of the United States has recognized this precept in the cases of Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532, and Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402."
In the Walker case, supra, the Court found that there was a dangerous roadway on the front of the dock shed in which the plaintiff worked and that defendant's employees, in going to and departing from work, must necessarily cross this dangerous passageway. On the day of the accident, plaintiff had successfully crossed this roadway and had proceeded more than 1,000 feet away from defendant's premises. He re-entered this roadway while intent upon hailing a ride and the injury resulted. The Court found that, having successfully surmounted the obstacles surrounding his place of employment, he had bared himself to a new risk at a different location for his own purposes and held that the course or term of employment had been concluded before the accident occurred.
As stated in the excellent discussion of this principle found in the Walker case, a study of the cases reveals that no exact formula can be laid down which will automatically solve every case. The conclusion in each case must depend upon the particular facts involved. However, these facts must be governed by the application of established rules of jurisprudence, one of which is that the employer is responsible for an injury which occurs to an employee at the public crossing lying adjacent to his place of employment and at a time just prior to his expected entry onto the premises for the purpose of immediately beginning the duties of his employment, provided the proximity of the employer's premises to the public passageway be a necessity — or at least a logical requirement — to the convenient conduct of its business. This is true even though the public generally is also subject to the hazards of the crossing at which the injury occurs. The rule appears to be that, granting that injury occurs on premises adjacent to those of the employment and within a reasonable time before or after working hours, it is sufficient that the employee's exposure to the hazard by reason of his employment be only, in some measure, greater than that which exists with respect to the public generally. In the case before us, the nature of the J. B. Beaird Company's business was such as to require the use of railroad cars. Its location adjacent to the railroad was, to say the least, highly convenient and almost necessary.
The principle of law before us was discussed in the recent case of Babineaux v. Giblin, et al., La. App., 37 So.2d 877, 879, in which the Court recognized the general rule that an injury suffered by an employee away from his employer's premises does not arise out of and in the course of his employment, but recognized the three exceptions to the general rule as were set forth by the Orleans Court of Appeal in the Walker case. First, when the employee's duties are such as require him to leave the premises of his employer and go from place to place in carrying out the duties of his employment. Second, instances in which the employer furnishes the means of transportation. This opinion describes the third exception — the one most nearly applicable to the case before us — in the following language: "The third exception is where the accident occurs near or immediately adjacent to the premises of the employer in the route of ingress or egress used by the employees."
Examining the circumstances surrounding plaintiff's husband's injury with reference to the time, place and circumstances surrounding his employment with the defendant Beaird company, we find, in point of time that his fatal injury occurred within a matter of minutes before he would have been engaged in the duties of his employment. As to place, the injury occurred on the railroad right-of-way which was adjacent to the employer's premises, within a few hundred feet of the employees' entrance to the plant and within fifty feet of the spot where — had deceased safely crossed — he would have been soon engaged in the duties of his employment. *Page 635 
He was following one of the customary means of ingress and egress to and from the master's premises and since the location of the premises along the railroad was not by accident but required by the nature of his employer's business, it follows that he was, when leaving or about to enter his place of employment, subject to a greater hazard, in some measure, than that which existed to the general public.
Under these circumstances, the District Court correctly ruled that the injury to plaintiff's husband, though not on the employer's premises, came within the above quoted exception to the general rule, recognized by the United States Supreme Court and by the Courts of this State.
The judgment appealed from is affirmed, with costs.