The defendant has appealed from an adverse judgment in the lower court which awarded the plaintiff workmen's compensation as for total and permanent disability at the rate of $20.00 per week and $500.00 medical expenses. The case involves the application of what has come to be known in our workmen's compensation law as the "proximity rule". That rule relates to the right of an injured employee to recover compensation when he suffers a disability that results from an accident sustained by him which occurs at a public crossing which is in such close proximity to the premises of the plant at which he works as to constitute a necessary convenient passageway for the conduct of the employer's business, and in principle therefore, may be said to be a part of the premises.
The facts in the present case on which the application of the rule has to depend are not disputed. The essential particulars appear in a stipulation entered into between counsel and which is filed in the record. They are in effect as follows: Plaintiff was an employee of the defendant, Mathieson Chemical Corporation, whose business is of a hazardous nature. The corporation's plant is located about three miles west of Lake Charles, on the south side of U.S. Highway 90. The plaintiff resides in the town of Opelousas which is approximately 80 miles from Lake Charles. He had no means of conveyance of his own and the employer did not furnish his transportation. Like many other employees engaged in industrial occupation in the defendant's and other plants around Lake Charles, he went to work each morning on a bus or public conveyance owned and operated by *Page 494 
an individual, which left Opelousas in the morning at about 4:30 or 5 o'clock, so that he could report for work which commenced at 7:30.
Other facts developed are that the Mathieson plant is located approximately 1/5 of a mile south of Highway 90. It covers a large area of ground 100 yards in width and 300 yards in length which is entirely surrounded by a wire fence 7 feet high. There are several gates in the fence but the employees going to work had to use the gate which is located at about the center of the plant property line along Highway 90 which is designated as the entrance gate. A watchman is stationed at the guard house next to the gate and each employee entering has to exhibit his badge in order to be identified before being permitted to enter the premises.
As usual, on March 30, 1948, the plaintiff boarded the bus at Opelousas in order to reach work at 7:30 and made the customary journey from that town to the plant reaching there about 10 minutes before 7 o'clock. The bus, following its customary procedure, stopped opposite the entrance gate to the plant and discharged the plaintiff and some others who were likewise employed at the Mathieson plant. There is a large area on the south side of the highway which has been shelled by the Mathieson Corporation where buses may park when they have to stop at that point. No such landing area is provided on the north side of the highway and following its usual custom, the bus on which the plaintiff was riding stopped on its right side or the north shoulder of the highway in as much as it was traveling in a westerly direction, and discharged the employees who were going to get off there to go to work. The entrance gate of the plant was open preparatory to admitting the employees who were going to go on the 7:30 shift. Whilst the plaintiff was in the act of traversing the highway after having left the bus, he was struck by an automobile driven by a stranger, traveling in an easterly direction and suffered the injuries which have permanently and totally disabled him.
In discussing the rule invoked by the plaintiff in this case the two factors, (1) the proximity of the public passageway and its necessity and convenience for the conduct of the employer's business, and (2) the relation which the time of the accident bears to the time at which the injured employee was to assume his duties, are very important elements that have to be taken in consideration. These factors of course are not mentioned in the workmen's compensation statute itself, Act No. 20 of 1914, and its subsequent amendments, but in the spirit of that liberality which is to be accorded to an injured employee who prosecutes a claim for compensation under its provisions, the courts have almost invariably used them in construing the law which obliges an employer to pay compensation when the employee receives personal injuries resulting from an accident "arising out of and in the course of his employment". Dart's Stat., sec. 4392, Act No. 20 of 1914, § 2, as amended. As pointed out by this court in the recent case of Babineaux v. Giblin, La. App.,37 So.2d 877, 878, whilst the general rule is to the effect that an injury sustained by an employee away from the employer's premises while going to and returning from his work, does not arise out of and in the course of his employment, there are three definite exceptions which were enumerated and the third mentioned is the one that involves the rule of close proximity to the premises of the employer with which we are here concerned. Under the facts in that case it was held that the rule did not apply but the decision clearly demonstrates that this court recognizes the rule as in fact do all of the appellate courts of the state.
The rule may be said to have originated in the well-known case of Cudahy Packing Company of Nebraska v. Parramore et al.,263 U.S. 418, 44 S.Ct. 153, 155, 68 L.Ed. 366, 30 A.L.R. 532, and apparently it has been followed not only by the Supreme Court of the United States which in that decision affirmed a ruling of the Supreme Court of the State of Utah, but by nearly all of the courts of last resort in the country. In the cited case the employee who was riding to work with a fellow employee, in the latter's automobile, was killed in an accident when the car he was riding in was hit by a train while crossing a railroad track before reaching the plant at which *Page 495 
he was employed. The court found that the location of the plant was so situated that the customary and only practicable way of immediate ingress and egress for the employees in going to work across this railroad track was one of hazard. The railroad was not only immediately adjacent to the plant, but by means of switches, was connected to it and the court enunciated the rule that "in principle, it was as though upon the actual premises of the employer".
Subsequently the Supreme Court of the United States, in the case of Bountiful Brick Company et al. v. Giles et al.,276 U.S. 154, 48 S.Ct. 221, 222, 72 L.Ed. 507, 66 A.L.R. 1402, seems to have extended the rule a bit further. The court stated that although that case came "nearer the border line, (it) falls within the principle of the Parramore case". From the facts shown, it appeared, that no definite line of travel in entering and emerging from the plant premises was indicated by the company or followed by its employees and, with the company's full knowledge and acquiescence, they habitually crossed the railroad track adjacent to the plant wherever they saw fit. Nevertheless, the court stated that no matter how the crossing was made, "the risk thereby incurred was reasonably incidental to the employment and became annexed as an implied term thereof".
In the present case the gate at the entrance to the plant premises which was adjacent to the highway was the only means of ingress and egress used by the employees. They were instructed to use that gate and no other. That gate is located 51 feet south of the paved portion and 60 feet south of the center line of the highway. The highway afforded the only way of travel by which the employees reached the plant and since they are a necessary and integral part of the operation of the plant it is a logical deduction that, as a means of reaching their place of employment, it becomes a necessary convenient passageway for the conduct of the employer's business, and this, notwithstanding the fact that the public generally is subjected to the same hazards as are the employees who have to cross it regularly in going to and coming from work.
On the point of location of the highway and of its proximity to the premises of the employer as well as the convenience which it affords, the case is governed by the same principles of law as were considered under facts of a similar nature in the two cases which we have cited. As further authority on this point, we might refer to the very recent case of Attaway v. Fidelity and Casualty Co. of New York, La. App., 39 So.2d 632, decided by the Court of Appeal for the Second Circuit of this State.
Counsel for defendant point out that the employer in this case provided a landing place for its employees who came to work on buses as did the plaintiff and we assume that it is meant that he should have availed himself of this place of safety in order to alight from the bus. As already stated however this area is on the south side of the highway and whilst it may well be that it did serve the useful purpose contended for by counsel for such employees coming from the west, it is apparent that it cannot be so used by those employees who are riding on a bus going west as was the plaintiff and who are customarily discharged on the north side of the highway. True, the buses traveling west might be pulled over to their left-hand side of the highway, or towards the south, and afford this same safety to employees traveling from the east, but the fact remains that they do not do so and the employees apparently have no control of their movements.
With regard to the time element and in measuring it from the moment when the accident occurred to the time at which the injured employee's services are to begin, the courts seem to allow what is called "a reasonable interval between the two periods". In the Parramore case [63 U.S. 418, 44 S.Ct. 155] the court stated that it attached "no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose." In a case like the one under *Page 496 
consideration, where the employee is living at a great distance from the place of employment and cannot choose his hour of departure from home and his hour of arrival at the plant but has to depend upon a schedule of a public conveyance, we would hardly say that the time element under discussion plays as important a part as it does in cases where he furnishes his own means of transportation and has some choice in the matter. But even under the facts of this case the accident occurred within 40 minutes at the most, from the time that the employee would begin the actual services and duties of his employment. Within a less period of time, that is, the time it would have taken him to walk the 60 feet from the point on the highway where he was struck to the entrance gate where he had to pass and be identified, he would have been on the premises of the employer and would have been in an even more favorable position than the employee in the Parramore case. Certainly he was not expected to remain on the north side of the highway and there wait until it would have taken such time as was required for him to cross the road, pass through the entrance gate and walk over the premises in order to reach his working place at the moment he was expected to begin his duties.
As his employment contemplated his entry upon the premises the same as it contemplated his working there and had to include "a reasonable interval of time for that purpose", as stated in the Parramore case, we firmly believe that the rule as laid down in that case applies with equal if not greater force here. On this point also, the case of Attaway v. Fidelity Casualty Company, supra, is particularly pertinent.
We think it proper for us to make reference to the able manner in which this case was argued and briefed by counsel on both sides. Counsel for defendant especially wrote an exhaustive brief in which numerous cases are reviewed, some from our own courts as well as several from courts of other states. In some, on facts somewhat related to the facts in this case, the courts were not so liberal in applying the rule that is here involved. We believe however that the rule is too well recognized by the courts of Louisiana for us not to adhere to it in this case, and therefore we find ourselves constrained to follow and apply it to the facts as they appear from the record.
For the reasons stated, the judgment appealed from is affirmed at the costs of the defendant, appellant herein. *Page 497