REGAN, Judge.
The plaintiff, Lawson Williams, employed as a laborer, instituted this suit against the defendant, his employer, Sewerage & Water Board of New Orleans, endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of 400 weeks, together with $1,000 for medical expenses, for total and permanent disability resulting from injuries which he incurred on December 28, 1953, at about 5:00 P.M., when he was struck by an automobile as he alighted from defendant’s truck in Washington Avenue between S. Claiborne Avenue and Derbigny Street.
Defendant answered and admitted the occurrence of the accident, but denied that it arose out of or in the course of plaintiff’s employment and alternatively denied that the injuries permanently and totally disabled plaintiff from doing work of any reasonable character since he was able to return to his employment as of March 10, 1955.
From a judgment in favor of defendant dismissing plaintiff’s suit he has prosecuted this appeal.
The record reveals that plaintiff had been employed by the defendant for several years as a common laborer engaged in “digging sewerage”. Each morning plaintiff, together with other members of his crew, would ride in defendant’s truck to the job site and about 4:45 each afternoon the crew “knocked off” and the truck to which they were assigned returned to a designated storage yard. The truck from which plaintiff and the crew worked was assigned to a yard located in Washington Avenue between Derbigny Street and S. Claiborne Avenue.
On the evening of the accident approximately twenty-five trucks returned to the yard in Washington Avenue and as was the plaintiff’s custom, he rode back to the yard in truck No. 55. The trucks, as they approached the entrance to the yard, were lined up parallel to the curbing and sidewalk of Washington Avenue and were intermittently moving in the general direction of S. Claiborne Avenue before turning into the driveway of the yard.
At this point in the factual revelation of the case there is a decisive and sharp conflict in the testimony. Plaintiff contends that truck No. 55 was preparing to execute a turn into the driveway and enter the yard when he alighted from the rear thereof and was instantly struck by a vehicle moving from S. Claiborne Avenue towards Derb-igny Street and that, as a result thereof, he incurred a fracture of both legs and other injuries.
*584 Defendant, on the other hand, insists that the plaintiff alighted from truck No. 55 in the general vicinity of Derbigny Street and Washington Avenue and then walked along the sidewalk in the direction of S. Claiborne Avenue. When he neared the entrance to the yard, he then decided to run between two of the parked vehicles owned by the defendant and into Washington Avenue where he was struck by a vehicle moving in the opposite direction and since, he had left the uptown sidewalk, a place of complete safety, and run into the street, where the accident occurred, he was not then acting within the course of his employment, therefore, his injuries are not compensable..
The trial judge expressed the opinion that
“The evidence preponderates to the effect that the plaintiff was neither injured while in the act of alighting from the truck or so close in time thereafter that his injuries might be considered as an incident of the transportation; but, on the contrary, the preponderance of the evidence is that plaintiff was injured while in the act of crossing the street from the uptown sidewalk of Washington Avenue to the downtown sidewalk thereof.”
Our examination of the record fails to reveal any reversible error in the trial court’s conclusion. The defendant proved that the plaintiff alighted from the truck of the Sewerage & Water Board, stepped upon the uptown sidewalk of Washington Avenue which parallels the storage yard of the defendant and was walking from Derbigny Street towards S. Claiborne Avenue and that when he reached a point approximately 35 feet from the entrance to the yard, for some unexplained reason, he left the sidewalk, ran between two trucks which were parked awaiting[1] entrance to the yard and into Washington' Avenue where he was struck by an automobile, driven by a third . person, moving in the opposite direction.
Plaintiff asserts that even assuming the validity of the foregoing factual conclusions that it would make no difference, in the final analysis insofar as compensable liability is concerned, for the reason that the plaintiff was actually in the process of surmounting a hazard of his employment at the time of sustaining his injuries and points in support thereof to the case of Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 155, 68 L.Ed. 366, which initially enunciated the “threshold doctrine.” '
“The threshold doctrine was widely adopted in this country immediately following its acceptance by the United States Supreme Court in Cudahy Packing Company v. Parramore. The case was an appeal from an award of compensation by the Utah Industrial Commission. The employer’s packing plant was situated immediately adjacent to three lines of railway track from which switches ran directly into the establish-m.ent. The location of ’the plant with reference to the track made the customary and only practical way of immediate ingress and egress highly dangerous. Claimant’s husband was killed while attempting to cross the tracks on his way to work, and a claim for compensation was filed. The award was contested before the Supreme Court on the ground that an interpretation of the compensation act subjecting the employer to liability for an accident which occurred while the employee was coming to work and before he had reached his employer’s premises would make the act void as a violation of the Fourteenth Amendment. The decision of the Supreme Court upholding the interpretation of the Utah Commission has generally been referred to as the fountainhead of the threshold doctrine.
“Two noteworthy features of the facts in the Parramore case serve as the *585 basis of the threshold doctrine. First, Parramore was exposed with daily-regularity to a specific railroad crossing of dangerous character. The frequency of his encounters with this particular hazard was due to the location of his place of work adjacent to the tracks. This suggests that his employment placed him at a disadvantage in terms of safety. The fact that his exposure to the crossing was regular and frequent enabled the court to carve out his predicament from the general hazards of travel. Second, it must be noted that this area of special danger was located immediately adjacent to the employer’s premises. Accordingly, the threshold doctrine applies only when there exists (1) a distinctive travel risk for the employee in going to or coming from work, and (2) this risk exists in an area immediately adjacent to his place of work.” Malone, Workmen’s Compensation Law and Practice, Section 172, Page 201.
We fail to see any analogy between this and the Parramore case for the reason that (1) no distinctive travel risk existed once the plaintiff selected the uptown sidewalk of Washington Avenue as a passageway, since he could have safely walked thereon tó S. Claiborne Avenue where he intended to board an omnibus. It- is likewise reasonable to assume that the operators of the trucks entering the yard would have afforded plaintiff a safe passage across the driveway where it intersects the sidewalk. ■ (2) No distinctive travel risk -other than that to which the public in general was subjected existed in the area immediately adjacent to th$ defendant’s storage yard.
In this connection the organ of the Court in the Parramore case especially pointed out:'
“Here the location of the plant was at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. Parramore could not, at the point of "the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; * * *. The railroad over. which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as-though upon the actual premises of the employer.”
We believe that the facts in this- case are more.analogous-to those of Walker v. Lykes Brothers-Ripley S. S. Co., La.App.1936, 166 So. 624, 626, 627, where the only ingress and egress to the employer’s place of business was by crossing a dangerous road. The employee left his place of employment, crossed the road and' reached a point' of safety. He then walked parallel to the road for some distance and suddenly ran into the roadway in an effort to hail a ride on a truck which was moving in his direction. At this moment an automobile, operated by a third person, traveling in the opposite direction, struck and injured him. The organ of the court expressed the opinion that the employer was not liable for compensation since the employee had reachecl'a place of safety and
“After doing so, he was upon his own responsibility. ■ The master had relin-guished all supervision; either actual or implied, over plaintiff’s movements. The course or term of the employment had been concluded.”
This suit was instituted by the plaintiff in forma pauperis and the judgment inadvertently assessed the costs of court against him. This, we believe, for obvious reasons, to be incorrect, accordingly..
The judgment- appealed from is amended by dismissing plaintiff’s suit against the defendant and by absolving plaintiff of the payment of any costs whatsoever. ■ . r.
Amended and affirmed.

. The line of trucks parked or intermittently moving along Washington Avenue and into defendant’s storage yard.