LOTTINGER, Judge.
This is a suit for workmen’s compensation benefits filed by Mrs. Eloise Verret, individually and on behalf of her two minor children, against Rogers Terminal and Shipping Corporation, Cargill, Inc., and the Travelers Insurance Company, as insurer of Rogers Terminal and Shipping Corporation, Cargill, Inc. and the Greater Baton Rouge Port Commission. The Lower Court rendered judgment dismissing petitioner’s suit with prejudice. The petitioner has appealed.
The facts disclose that Abner Verret, the husband of petitioner, was a longshoreman employed by Rogers Terminal and Shipping Corporation, a stevedoring company, to assist in the loading of a ship which was tied to the grain dock near Port Allen, Louisiana. At about six o’clock p. m. on December 3, 1959, Verret concluded his work for that day and walked to the top of the levee where he was checked off by the time keeper for the stevedoring company. He then walked down the levee to Wilson Drive which is a wide street running parallel with the levee and is a private drive on property belonging to the Port Commission. When he reached the East side of Wilson Drive, he then proceeded to go to his automobile which was situated on the West side of Wilson Drive, but was struck and killed by an automobile. The evidence discloses that the deceased stepped out into Wilson Drive from between two parked vehicles.
It is contended by petitioner that in order to reach the grain dock in coming to work it was necessary for the deceased to cross over the levee and a railroad track then proceed down Wilson Drive until he came to the elevated grain conveyor and cat-walk. There he recrossed the railroad track, mounted a stairway on top of the levee which connected with the cat-walk and from there proceeded down the conveyor to the grain elevator. After checking out at six o’clock p. m., decedent proceeded to leave the dock by the same route, i. e. by returning along the cat-walk to the stairway at the top of the levee and down the stairway to the base of the levee where he was checked off by the time keeper, then he proceeded down the levee and at a point within twenty (20') feet of the conveyor which runs overhead, he attempted to cross Wilson Drive when he was struck and killed by an automobile driven by a fellow employee. The accident occurred about 6:05 p. m.
Petitioner contends that, in addition to the liability of Rogers Terminal and Shipping Corporation, the Greater Baton Rouge Port Commission and Cargill, Inc., are also liable as statutory employers of Verret and hence their insurer, the Travelers Insurance Company is also liable. They invoked the “Threshold” or “Proximity Doctrine” to determine liability on the part of the defendants.
The relationship between the various defendants, as determined from the evidence, *294 indicates that the Port Commission is the owner of the grain elevator, the grain dock and the property surrounding these installations. There is no question but that the property upon which the deceased was killed was owned by the Port Commission which is a public corporation. The Port Commission leases its installations to Car-gill, Inc., which purchases, stores and resells grain to various individuals or firms. The proprietors of the vessel “The Fon-tenoy” had purchased grain from Cargill, Inc. and they were in the process of loading the Fontenoy prior to and at the time of the accident. The stevedoring company employed the deceased and others to assist in this loading. They handled the grain on aboard the vessel after it had left the conveyor belts of the elevator and had dropped into the hold of the vessel. Although the evidence reflected that the stevedoring company was a wholly owned subsidiary of Cargill, Inc., they were two separate and distinct entities. The Car-gill, Inc. handled the storing and transporting of the grain from its elevator to the vessel, and the stevedoring company handled the storing of the grain once it was aboard the vessel.
Upon appeal, the petitioner has abandoned its claim insofar as Cargill, Inc. and the Port Commission is concerned. We believe there is no question, as shown by the evidence, that neither of these firms can be considered an employer of the deceased. The only question remaining before this Court concerns whether or not the “Threshold” or “Proximity Doctrine” is applicable. Such doctrine applies only when there exists a distinctive travel risk for the employee when going to or coming from work and this risk must exist in an area immediately adjacent to his place of work. Malone’s Louisiana Workmen’s Compensation Law and Practice, page 202.
It is the contention by petitioner that such risk did exist because of the excessive amount of automobile traffic by the employees going to and from work and because of the excessive amount of noise of the conveyor crossing Wilson Drive overhead which made it almost impossible for one to hear an approaching vehicle.
After trial on the merits the Lower Court visited the site of the accident and, after observing the conditions at the scene, concluded that there were no unusual risks present which would be sufficient to invoke the “Threshold” or “Proximity Doctrine”.
In the case of Walker v. Lykes Brothers-Ripley S. S. Co., La.App., 166 So. 624, the Court refused to apply the “Threshold” or “Proximity Doctrine” to a longshoreman who was injured in a public street a short distance from the public dock where the plaintiff had been working. In that case the Court said:
“ * * * [T]he application of the exception to the general rule (the “Threshold” or “Proximity Doctrine”) is without pertinence, unless the location of the master’s premises is such that, contiguous thereto, there are hazards which the plaintiff necessarily encounters in going to and departing from work which peculiarly subject him, by reason of his employment, to greater risks than those to which the general public is exposed, (parenthesis supplied)
“ * * * To hold the defendant liable under these circumstances would be to extend the protection granted by the law to all hazards of travel which may be encountered by the employee returning from work to his home, though unrelated to the business of the master. No authority may be found which goes that far; for the theory of the extension of the course of the employment after the working hours is that the master has selected a site for his workmen zvhich necessarily and peculiarly subjects them, by reason of their employment, to dangers or risks to which *295 the public is not equally exposed. (Emphasis added.)
The only essential difference between the facts present in the Walker case and those presently before us is that the petitioner in the present suit alleges that the noise from the conveyor increased the hazards to which decedent was subjected in going to and from work. It appears to us that the automobile traffic in the present case was no greater and probably was of a lesser degree than was present in the Walker case. The Trial Judge visited the scene of the accident and held that there was no peculiar hazard present in the instant case, and we find nothing to indicate that he erred in his holding.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.